UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO.: 3:14-CV-556-TBR

LAWRENCE WOODRUFF                                                         PLAINTIFF

v.

BLAZIN WINGS, INC. d/b/a
BUFFALO WILD WINGS                                                        DEFENDANT

# MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the Defendant Blazin Wings, Inc.'s Motion to Dismiss. (Docket #5). The Plaintiff has responded. (Docket #6). The Defendant has replied. (Docket #7). This matter is now ripe for adjudication. For the following reasons, the Defendants' Motion to Dismiss (Docket #5) is DENIED.

## BACKGROUND

This action arises from Plaintiff Lawrence Woodruff's termination as a cook for Blazin Wings, Inc. doing business as Buffalo Wild Wings. Woodruff alleges that Blazin Wings gave raises of $1 per hour to Caucasian cooks while Woodruff, an African-American cook, received no raise. After Woodruff complained about this disparity to Blazin Wings, he received a raise of $0.50 per hour. Approximately one month later Woodruff was fired. Blazin Wings alleges Woodruff was fired for insubordination. Woodruff claims his termination was a pretext for race discrimination and retaliation. (Docket #1).

Woodruff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). The EEOC referred Woodruff's charge to the Louisville Metro Human Relations Commission ("LMHRC") for investigation. (Docket #6). LMHRC recommended that

there was no probable cause for Woodruff's charge. (Docket #7, Ex. 1). The EEOC adopted these findings and issued Woodruff a Notice-of-Right-to-Sue letter on May 7, 2014. (Docket #6, Ex. 7). Woodruff timely filed this action on August 5, 2014.

## STANDARD

"When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the district court must accept all of the allegations in the complaint as true, and construe the complaint liberally in favor of the plaintiff." *Lawrence v. Chancery Court of Tenn.*, 188 F.3d 687, 691 (6th Cir. 1999) (citing *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995)). Denial of the motion is proper "unless it can be established beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Achterhof v. Selvaggio*, 886 F.2d 826, 831 (6th Cir.1989) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Nonetheless, unwarranted factual inferences or legal conclusions masquerading as fact will not prevent a motion to dismiss. *Blakely v. United States*, 276 F.3d 853, 863 (6th Cir. 2002). A "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Andrews v. Ohio*, 104 F.3d 803, 806 (6th Cir. 1997) (citing *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993)).

## DISCUSSION

Blazin Wings moves to dismiss Woodruff's complaint on two grounds: (1) Woodruff's complaint is barred by Kentucky's election of remedies doctrine; and (2) administrative preclusion bars Woodruff's claims.

### I. Election of Remedies Doctrine.

"The doctrine of election of remedies provides that when a person has at her disposal two modes of redress that are contradictory and inconsistent with each other, her deliberate and

settled choice and pursuit of one will preclude her later choice and pursuit of the other." *Young v. Hammond*, 139 S.W.3d 895, 903 (2004). In other words, a plaintiff may choose to pursue judicial proceedings or administrative proceedings, but not both. The parties dispute whether Woodruff filing a Charge of Discrimination with the EEOC constituted a choice of administrative proceedings that bars this judicial proceeding.

Blazin Wings argues Woodruff has chosen administrative proceedings. In support, Blazin Wings relies on *Herrera v. Churchill McGee*, which held: "Kentucky courts have consistently treated Orders of Dismissal based on lack of probable cause as final orders that trigger the election-of-remedies bar of § 344.270." *Herrera v. Churchill McGee*, 680 F.3d 539, 544 (6th Cir. 2012) (collecting cases). While *Herrera*'s general premise is correct, its holding is limited to cases where the plaintiff had previously sought[1] relief from state or local administrative proceedings. Conversely, filing a federal EEOC complaint does not constitute an election of remedies. *Compare Herrera*, 680 F.3d 539 (holding a complaint filed with the Lexington-Fayette Urban County Human Rights Commission was an election of remedies) *and Burton v. Ky. State Police*, 341 S.W.3d 589 (Ky. App. 2011) (holding the filing and pursuit of a complaint with the Kentucky Commission on Human Rights was an election of remedies) *with Young*, 139 S.W.3d at 903 (holding a "trial court's reliance on the doctrine of election of remedies . . . was misplaced" because the plaintiff "filed a charge of discrimination with the EEOC . . . was notified that her file was being closed and she was informed of her right to sue"

---

[1] A line of cases compares the difference between filing, and then withdrawing, a claim and filing and pursuing a claim to resolution. In dictum, the Kentucky Supreme Court suggested that once a person had chosen to file an administrative remedy, they were bound to follow that remedy and could not withdraw their administrative complaint and initiate judicial proceedings. *Vaezkoroni v. Domino's Pizza, Inc., Ky.*, 914 S.W.2d 341 (Ky. 1995). Kentucky courts have criticized this dictum and will allow a person that has filed and thereafter withdrawn an administrative complaint to pursue judicial relief. *Brown v. Diversified Decorative Plastics, LLC*, 103 S.W.3d 108, 111 (Ky. App. 2003).

and she never "filed a complaint with any agency of the Commonwealth."); *and Wilson v. Lowe's Home Ctr.*, 75 S.W.3d 229 (Ky. App. 2001) ("his KCHR complaint had been ordered withdrawn and the EEOC had issued a "Notice of Right to Sue." Under the doctrine of election of remedies, we conclude that the factual differences in the cases are such that Wilson's circuit court claim was not barred.") *see also McNeal v. Armour and Co.*, 660 S.W.2d 957 (Ky. Ct. App. 1983); *Grego v. Meijer, Inc.*, 187 F. Supp. 2d 689 (W.D. Ky. 2001).

This analysis does not change even if the EEOC refers the charge of discrimination to a state administrative agency, as the plaintiff still has not elected a state administrative proceeding. *Clifton v. Midway College*, 702 S.W.2d 835, 837 (Ky. 1985) ("The signature of Elizabeth Clifton on the charge of discrimination form filed with the federal agency which was subsequently deferred to the Kentucky bureau did not transform that document into the written, sworn complaint before the Kentucky Commission on Human Rights contemplated by KRS 344.200(1)").

Woodruff filed a charge of discrimination with the EEOC. Woodruff has not pursued state administrative proceedings. Therefore, Woodruff's claim is not barred by the doctrine of election of remedies.

### II. Doctrine of Administrative Preclusion.

Blazin Wings also argues that the EEOC's finding of no probable cause administratively precludes Woodruff from litigating this issue in this case. An issue may be precluded from litigation if an administrative agency, while "acting in a judicial capacity," "resolves disputed issues of fact" which the "parties have had an adequate opportunity to litigate." *University of Tennessee v. Elliott*, 478 U.S. 788, 797-98 (1986).

There are two reasons why Blazin Wings' argument is unpersuasive. First, the EEOC does not act in a judicial capacity, but instead makes determinations that are "nonbinding and nonfinal, investigative and not adjudicative." *Ray v. Nationwide Mut. Ins. Co.*, 777 F. Supp. 2d 1175 (S.D. Iowa 2011) ("The EEOC's reasonable cause determination does not adjudicate rights and liabilities; it merely places the defendant on notice of the charges against him"); *Mathieson v. Am. Elec. Power*, 2002 U.S. Dist. LEXIS 6560 *11 (W.D. Mich. 2002); *Richards v. Calvet*, 2005 U.S. Dist. LEXIS 5365 FN7 (S.D.N.Y. 2005).

Second, "[f]ollowing *Elliot*, the circuit courts of appeals, including the Sixth Circuit, unanimously hold that unreviewed administrative findings have no preclusive effect in a subsequent Title VII action." *Ipina v. Michigan*, 1998 U.S. Dist. LEXIS 10996 *13 (W.D. Mich. 1998); *see also Rao v. County of Fairfax*, 108 F.3d 42, 45 (4th Cir. 1997) (collecting cases). "This rule applies regardless of the adjudicatory nature of the administrative proceedings and regardless of any preclusive effect state law might otherwise accord the administrative findings." *Ipina*, 1998 U.S. Dist. LEXIS 10996 at *14 (citations omitted); *see also Solimino v. Astoria Federal Sav. & Loan Ass'n*, 901 F.2d 1148 (2nd Cir. 1990).

As this is a Title VII case in which the EEOC's determination has not been judicially reviewed, that determination has no preclusive effect.

## CONCLUSION

For the foregoing reasons, the Defendants' Motion to Dismiss (Docket #5) is DENIED.


cc: counsel of record

5